**MID–CONTINENT PIPE LINE COMPANY,**
Plaintiff in Error,

v.

**A. R. BLACKBURN and Ruth Blackburn,**
Defendants in Error.

No. 38792.

Supreme Court of Oklahoma.

April 25, 1961.

M. Darwin Kirk, J. P. Greve, Ben Hatcher, Tulsa, for plaintiff in error.

D. Warren Crisjohn, Yale, Robert W. Blackstock, Bristow, for defendants in error.

JOHNSON, Justice.

This action was begun in the District Court of Payne County by the defendants in error against the plaintiff in error, hereinafter designated by their trial court positions.

The petition alleges that plaintiffs were joint tenants in possession of 160 acres in Payne County, Oklahoma, described as SW¼, Section 13, T 19N, R 5E, by virtue of a Preference Right Lease from the Commissioners of the Land Office of the State of Oklahoma running through the calendar years 1957 to 1961, inclusive; that

plaintiffs are the owners of certain improvements on said land including a lake or pond thereon; that plaintiffs occupied said premises for grazing livestock, the lake being used for watering such livestock.

The petition further alleged that the defendant owned, maintained and operated a crude oil pipeline over said land and adjoining lands, and that on November 6, 1957, at a point adjacent to the above-described lands, defendant negligently failed to maintain said line and same burst, causing large quantities of crude oil to escape and flow over plaintiffs' lands into the lake mentioned; that a portion of plaintiffs' cattle were poisoned, became ill and depreciated in value to plaintiffs' damage in the sum of $3,000; that the fish in said lake were poisoned, became ill and were unfit for eating purposes, all to the plaintiffs' damage in the sum of $2,000; that the water in said lake had been made wholly unfit for use of plaintiffs' livestock and thereby the value of plaintiffs' preference right lease depreciated in value in the amount of $5,000. The petition further seeks exemplary damages in the sum of $10,000.

The defendant answered by general denial with admissions of corporate existence, ownership of the pipeline, the break in pipeline and affirmatively pleaded unavoidable accident.

A trial was had, and the jury returned the following verdict:

"We, the jury, duly empaneled and sworn to try the above entitled cause, upon our oaths find the issues in favor of plaintiffs in the following elements of damage:

"(a) Depreciation of value of cattle    $ none
"(b) Death of two calves $ 100.00
"(c) Depreciation in value of fish in lake    $ none
"(d) Injury to lake as a source of livestock water    $1,000.00".

The court rendered judgment on the verdict for $1,100. Motion for new trial

was overruled, from which this appeal was perfected.

The defendant first complains of Instruction No. 8 under which such verdict was rendered. It was as follows:

"* * * You are told that if you find from the evidence that the injuries, if any, to the plaintiffs' leasehold estate were permanent, as outlined above, then the measure of damage for permanent injury is the difference in the fair and reasonable market value of the leasehold estate immediately before the injury and the fair reasonable market value immediately after the injury, and in this connection you are told that the term 'fair reasonable market value' means what a particular item or piece of property would be worth on the open market for cash sale under ordinary circumstances, assuming that an owner is willing to sell but not forced to sell, and the buyer is willing to buy but not forced or obligated to buy.

"In the event the jury takes the view that the damages to plaintiffs' leasehold estate were not permanent but only temporary in nature, then the measure of damage is the rental or useable value of the leasehold estate, or the part thereof that was injured from the date of said injury to the commencement of the action in this case which was on the 27th day of December, 1957, but in no event may you allow a recovery on this item in excess of $5,000.00. * * *"

■■ It will be noted that the first part of this instruction deals with permanent damages to the leasehold. In order to determine the correctness of this instruction it must be first determined who owned the lake or pond. Only the owner of the lake can recover for permanent injury thereto. The plaintiff contends that under the statutes governing preference right leases the improvements made belong to the lessee. With this conclusion we can only partially agree. The lease itself in numerical para-

graph 5 provides that upon expiration of the lease the lessee shall within 60 days remove the improvements made by him "that can be removed without manifest injury to the land." 64 O.S.1951 § 225.1 also provides for the appraisal of all improvements which can be removed without manifest injury to land and then provides for appraisal of "all improvements to said land placed thereon by the lessee at his expense which cannot be removed without manifest injury to the land, including trees, terraces, water wells, ponds, and other improvements of a similar nature at their actual cash value."

Obviously, this body of water must be classed as a pond and an improvement which cannot be removed without injury to the land; and as to this class of improvements, we hold that the statutes provide for a method of reimbursing the lessee, but the actual title thereto is in the Commissioners of the Land Office. This being true, damages for any permanent injury to the freehold could only be recovered by the Board as the owner and not by the lessee. The lessee, therefore, is limited to the measure of damages set forth in the second portion of such instruction, there being no evidence of permanent injury to the land.

■ The lessee's measure of recovery is correctly fixed as the rental value of the land for the time lost by the act of defendant, H. F. Wilcox Oil & Gas Co. v. Murphy, 186 Okl. 188, 97 P.2d 84.

Inasmuch as the verdict of the jury awarding $1,000 for "injury to lake as a source of livestock water" would seem to be an award for permanent injury to the pond, this was a sum recoverable only by the fee owner.

We believe the proper rule is expressed in 15 Am.Jur., pg. 515, where the text contains the following:

"For example, the owners of the freehold may recover for the injury which permanently affects or depreciates his property, while a tenant, or one having a possessing right, may recover for injuries to his use and enjoyment."

The lessee's recovery is thus limited to the recovery of the rental value of the premises, the use of which is lost because of the acts of the defendant from the date of this pipeline break to the date of the filing of the suit.

■ We therefore hold that:

1. The giving of the instruction covering damages for permanent injury to the leasehold was error.

2. There was no evidence concerning the rental value of the unusable premises during the period the temporary injury continued. A portion of the leasehold was used for residential purposes, and another part was in cultivation, neither of these being injured.

3. The award of the jury granted plaintiffs compensation for permanent damage to the freehold, an element for which they were not entitled to recover.

Reversed and remanded for a new trial in conformity with the views herein expressed.

BLACKBIRD, V. C. J., and WELCH, DAVISON and HALLEY, JJ., concur.

WILLIAMS, C. J., and IRWIN and BERRY, JJ., concur in result.

JACKSON, J., dissents.